UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DYLAN PATON AND JAMIELYNN STORIE,

    Plaintiffs,

    v.

CINGULAR WIRELESS,

    Defendant.
_____/

No. C 06-6354PJH

**ORDER GRANTING MOTION TO REMAND**

Plaintiff's motion to remand the complaint came on for hearing before this court on January 17, 2007. Defendant, Cingular Wireless ("defendant"), appeared through its counsel, Michael Stortz. Plaintiffs' counsel did not, however, appear and the court elected to decide the matter on the papers. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiffs' motion to remand the complaint, for the reasons summarized below.

Defendant has based its removal of the action on the Class Action Fairness Act of 2005 ("CAFA"). CAFA is not retroactive and therefore applies only to actions which are "commenced on or after the date of enactment" of the statute, which was February 18, 2005. Bush v. Cheaptickets, Inc., 425 F.3d 683, 684 (9th Cir. 2005). The court finds that the Second and Third Amended Complaints filed in September 2006, on which defendant has based its removal of the action, both relate back to the original complaint filed in 2004 as they all share a common core of operative facts so that defendant had fair notice of the transaction, occurrence or conduct called into question. Martell v. Trilogy, Ltd., 872 F.2d 322, 325 (9th Cir. 1989). See 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane,

Federal Practice and Procedure, § 1497, at 94-99 (2d ed. 1990); See also Carpanelli v. American Standard Companies Inc., 2006 WL 568307 N.D.Cal.,2006.  Accordingly, CAFA does not provide a basis for federal jurisdiction.  Plaintiffs' motion to remand the complaint is GRANTED.  This case is hereby remanded to the Superior Court for the City and County of San Francisco.

**IT IS SO ORDERED.**

Dated: January 25, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge